**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEVEN C. JAMES, #814759**

    **Plaintiff,**

**vs.**                                                            **Case No. 4:13cv422-RH/CAS**

**BARBARA PARIENTE, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a second amended civil rights complaint. Doc. 14. In essence, Plaintiff seeks to collaterally challenge his 1998 murder conviction by arguing the judge who entered judgment in his criminal case was without authority to do so because the state court docket did not include an administrative order reassigning the case to that judge after the first judge assigned recused himself. *Id.* at 8-9. In 2009, Plaintiff began filing petitions asserting that the court was without jurisdiction to enter judgment, all of which were denied. *Id.* at 10-14. Plaintiff now attempts to sue the justices of the Florida Supreme Court and other judges who denied those petitions, claiming they violated his constitutional rights. *Id.* Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. *Id.* at 15.

As Plaintiff was advised previously, Plaintiff should be aware that judges are entitled to absolute immunity for damages under § 1983 unless he or she acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). The absence of jurisdiction does not mean in excess of authority, rather it is when the acts of the judge are purely private non-judicial. Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1980). In this case, all named Defendants are the state court judges or justices who dismissed or otherwise denied Plaintiff's petitions. Those persons acted in their judicial capacity in ruling on Plaintiff's petitions. Thus, the Defendants are entitled to absolute immunity. A complaint should be dismissed when a plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e(2)(B)(iii).

Moreover, Plaintiff's second amended complaint is an attempt to collaterally challenge his conviction. Plaintiff seeks injunctive and declaratory relief in addition to his request for monetary damages. Such relief would, in effect, invalidate his conviction. As Plaintiff was advised previously, a civil rights case cannot be used to overturn a criminal conviction. Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994); see also Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's

claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

A third reason to dismiss this case is that Plaintiff's second amended complaint is an improper attempt to seek appellate review of the ruling of the Florida Supreme Court. The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The doctrine precludes a loser in state court from challenging a judgement entered in that court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994), *quoted in* Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010). That is precisely the claim Plaintiff makes here. Such claims are barred. Plaintiff's avenue of redress was to request review in the United States Supreme Court.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), because Defendants have absolute immunity, and because he *Rooker-Feldman* doctrine bars federal review of Plaintiff's claims. It is further **RECOMMENDED** that the order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 13, 2014.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**